Ill. Malleable Iron Co. v. Model Plumbing Co., 176 Ill. App. 263.

der the statute, of his claim for a lien, to go by without filing the same; so that there was in effect a definite forbearance. But even if this were not the case, we do not think that it was necessary to show that Weisse agreed upon a fixed and definite time to which the forbearance should go. The rule seems to be that an understanding that a debtor shall be indulged for a reasonable time, or indulged generally, and an actual forbearance for a reasonable time, will be sufficient. Mc-Micken v. Safford, 197 Ill. 540.

Claim is made by plaintiff in error that in any event the promise to pay was conditioned upon the material furnished by Weisse being used in Fowler's building and accepted, and it is said that there is evidence showing that some of the material was not used. An examination of the record leads us to the opinion that the contract was substantially complied with, and there being no objection of any moment to the materials furnished, Fowler must be held to have accepted the same.

For the reasons indicated the judgment of the lower court is affirmed.

*Affirmed.*

---

Illinois Malleable Iron Company, Defendant in Error, v. James Tompary and Thomas L. Reeve, Trading as Model Plumbing Company, Plaintiffs in Error.

Gen. No. 17,574.

1. MECHANICS' LIENS—*rules of municipal court.* Where a subcontractor files a statement of claim in the Municipal Court of Chicago against an owner and a contractor for a mechanic's lien under section 28 of the act which provides that the owner is liable for no more than the *pro rata* share that the subcontractor would be entitled to with other subcontractors, and that a right to a lien must be established and that a judgment shall be enforced against the owner only to the extent that he is liable under his contract, a judgment by default for want of an affidavit of defense for the amount claimed is contrary to the statutes and is improper,

264    APPELLATE COURTS OF ILLINOIS.

Ill. Malleable Iron Co. v. Model Plumbing Co., 176 Ill. App. 263.

and it cannot be contended that the rules of the Municipal Court dispensing with precision in statements of claim and allowing default judgments on failure to file an affidavit of defense permit the lien characteristics of the suit to be abandoned and a personal judgment to be obtained under such rules rather than a judgment for a mechanic's lien.

2. MECHANICS' LIENS—*when personal judgment against the owner is improper.* In an action by a subcontractor against an owner and a contractor to establish a mechanic's lien under section 28 of the act, a personal judgment cannot be obtained against the owner where the only evidence before the court is a claim for a mechanic's lien.

3. MUNICIPAL COURTS—*sufficiency of affidavit of defense in mechanic's lien action.* In an action in the Municipal Court of Chicago by a subcontractor against an owner and a contractor to establish a mechanic's lien under section 28 of the act, an affidavit of merits of defense by the owner in proper form alleging that there was nothing due to the contractor from the owner under the contract between them, is sufficient.

Error to the Municipal Court of Chicago; the HON. WILLIAM N. GEMMILL, Judge, presiding. Heard in the Branch Appellate Court at the October term, 1912. Reversed and remanded. Opinion filed January 9, 1913. Rehearing denied January 23, 1913.

CASWELL & HEALY, for plaintiff in error, JAMES TOMPARY.

EASTMAN & WHITE, for defendant in error; RALPH R. HAWXHURST, of counsel.

MR. JUSTICE McSURELY delivered the opinion of the court.

The Illinois Malleable Iron Company, hereinafter called plaintiff, obtained a judgment against James Tompary and Thomas L. Reeve in the municipal court, which is brought by Tompary to this court by writ of error for review.

The plaintiff filed its statement of claim in the municipal court against James Tompary, Warren L. Peck and Thomas L. Reeve, stating that its claim was for a mechanic's lien on property described, for goods, wares and merchandise sold by plaintiff to defendant Thomas L. Reeve, who had a contract with James Tompary, the owner of said premises, for the im-

provement of same, which goods, wares and merchandise (specifically described) were delivered by plaintiff to said premises.  Plaintiff said it was employed by said Thomas L. Reeve to furnish this material, being plumbing fixtures, to said premises for the improvement thereof, and accordingly did deliver the same for the benefit of said premises.  To this was attached an affidavit to the effect that the nature of plaintiff's demand was for a mechanic's lien against said premises in the amount of $109.21.  Summons was issued and served on all defendants.  Tompary and Peck filed appearances, but Reeve was defaulted for failure to appear.  Plaintiff amended its statement of claim by adding that the statutory notice was duly served by plaintiff through its agent upon the said James Tompary on October 14, 1910, and that the last delivery of goods on the premises was made on October 15, 1910.  Peck was subsequently dismissed by stipulation.  Tompary filed his affidavit of merits, stating that he "is not indebted to the defendant, Thomas L. Reeve."  The trial court struck this affidavit of merits from the files and entered judgment by default against Reeve and Tompary for want of an affidavit, in the sum of $109.21, and ordered that execution issue therefor.

Defendant Tompary urges that this judgment is improper for the reason that it is contrary to section 28 of the Mechanic's Lien Act, under which suit was commenced.  This section provides in substance that a subcontractor may sue the owner and contractor jointly for the amount due him, in any court having jurisdiction of the amount claimed to be due, and a personal judgment may be rendered; but, as in suits to enforce the lien, the owner shall be liable for no more than the *pro rata* share that such person would be entitled to with other subcontractors out of the funds due to the contractor from the owner under the contract between them, and such action at law shall be maintained against the owner only in case the plaintiff establishes

his right to the lien. All such judgments where the lien is established shall be against both jointly, but shall be enforced against the owner only to the extent that he is liable under his contract, and shall recite the date from which the lien attached.

That this is the law is conceded by plaintiff, which replies that although the origin of the suit was to establish a mechanic's lien, the lien characteristics were abandoned and the suit ripened into a personal judgment under the rules of court, and not a judgment for a mechanic's lien. It is claimed that this practice is justified by the rules of the municipal court dispensing with precision in the allegations of the statement of claim, and also providing that upon failure of a defendant to file a proper affidavit of merits, the plaintiff shall be entitled to judgment, as in case of default. It is manifest that if the contention of the plaintiff is correct, then the rules of the municipal court have enlarged the provisions of the Mechanic's Lien Act by giving to a subcontractor greater rights than the statute has given him, and also by imposing upon the owner a larger measure of liability. We cannot assent to this contention. If plaintiff was entitled to a judgment as in the case of default, it was entitled only to the judgment permitted by the Mechanic's Lien Act. We also are unable to understand by what rule such a personal judgment could be rendered against the defendant Tompary, where the only evidence before the court is a claim for a mechanic's lien.

We do not understand from anything said in the briefs that we are called upon to pass upon the sufficiency of the affidavit of merits, although from what we have above said it must follow that an affidavit in proper form alleging that there was nothing due to the contractor from the owner under the contract between them would be sufficient.

For the reasons above indicated the judgment will be reversed and the cause remanded.

*Reversed and remanded.*